## LOVETT v. UNITED STATES.
### No. 12093.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1947.

Charles J. Lovett, in pro. per.

J. Ellis Mundy, U. S. Atty., and Jas. T. Manning and Joel B. Mallet, Asst. U. S. Attys., all of Atlanta, Ga., for the United States.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

### PER CURIAM.

Claiming that sentences imposed[1] on him by Robert L. Russell, judge of the United States District Court for the Northern District of Georgia, were void for uncertainty, appellant moved that the sentences be modified to read: that they "be served concurrently with the sentence of life heretofore imposed by the Virginia Court".

The district judge, of the opinion that the sentences imposed by him were not uncertain or indefinite, and citing Kirk v. Squier, 9 Cir., 150 F.2d 3, and 18 U.S.C.A. § 714, in support, denied the motion.

We think it clear that the district judge was right. A sentence "should disclose on its face with fair certainty the intent of the court, but the elimination of every conceivable doubt is not requisite to its validity". Wall v. Hudspeth, Warden, 10 Cir., 108 F.2d 865, 867. It is clear enough from the complained of sentences that they are intended to take effect from and after defendant's release from his imprisonment under the sentence of the Virginia court in whatever way this release might be effected. The sentence is in the terms of the Escape Act, 18 U.S.C.A. § 753h,[2] and sentences imposed under that act have been sustained in many cases. The order appealed from is affirmed.

---

[1] The sentences complained of were a sentence of 10 years imposed in No. 3238, reading that the execution of this sentence shall "commence to run from the expiration of, or upon the legal release from the life sentence appellant is now serving, heretofore imposed by the District Court of the United States at Abingdon, Virginia", and a sentence of two years providing "The execution of this sentence shall commence to run from the expiration of, or upon the legal release from, the sentence this day imposed on indictment No. 3238 in this court."

[2] Aderhold, Warden, v. Hudson, 5 Cir., 84 F.2d 559; Aderhold v. Soileau, 5 Cir., 67 F.2d 259. Cf. also Thomas v. Hunter, 10 Cir., 153 F.2d 834; McMahan v. Hunter, 10 Cir., 150 F.2d 498.