Ralph S. WRIGHT, Appellant,

v.

Charles E. GIBSON, U. S. Probation Offi-
cer et al., Appellees.

No. 23587.

United States Court of Appeals
Fifth Circuit.

Oct. 25, 1966.

See also 5 Cir., 364 F.2d 507.

Kendell W. Wherry, Asst. U. S. Atty.,
Tampa, Fla., for appellees.

Before WISDOM, BELL and AINS-
WORTH, Circuit Judges.

PER CURIAM:

Appellant has appealed from the denial
of his petition for habeas corpus. While
serving a three-year sentence imposed by
United States District Court, Southern
District of Florida, for mail fraud, appel-
lant was brought by writ of habeas
corpus before the United States District
Court, Middle District of North Carolina,
for arraignment on a Dyer Act charge
(18 U.S.C.A. § 2312). He was there rep-
resented by counsel and, upon entering a
plea of guilty, was sentenced on Decem-
ber 16, 1960 by the federal court in North
Carolina on Count I to imprisonment for
four years (the term is in dispute, appel-
lant contending the sentence was for two
years), to commence at the expiration of
the sentence for mail fraud imposed in
the federal court in Florida. On Count
II he was sentenced to a term of five
years, execution was suspended and he
was placed on probation for a period of
five years to begin with the date of com-
pletion of the sentence imposed on Count
I. He has now been returned to custody
for parole violation. Appellant contends,
however, that he had completely served
both the sentence imposed in the Florida
federal court and the sentence imposed in
the North Carolina federal court because
he claims the sentence on Count I in the
federal court in North Carolina was for
two years rather than four years. If so,
the parole would have expired prior to
the occurrence, which is the basis for the
contention he has violated parole.

An evidentiary hearing was held in the
present proceedings and appellant was
represented by counsel. The official
court reporter at the time of sentencing
in the federal court in North Carolina
testified that there had been an error in
the transcription of the proceedings, as
reflected in his written summary of the
proceedings which shows the term to be
two years. He said that he had taken
down the judge's oral pronouncement of
sentence verbatim by shorthand notes
and on an electronic recording device
simultaneously. He later checked his
notes on the voice record, dictated the
report to a secretary who typed the tran-
script, and when the discrepancy was dis-
covered he was unable to find the voice
record. At the hearing the court report-

er read from his shorthand notes and testified that in writing down the number of years imposed in the sentence he had used the numerical figure "4". His shorthand notes were received in evidence.

Both the judgment and commitment, and the oral pronouncement as reduced to the court reporter's shorthand notes, are consistent and they show a four-year sentence was imposed on Count I by the court. Accordingly, there was no error in dismissing the petition for writ of habeas corpus.

Affirmed.