**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harold D. KINDRICK,
Defendant-Appellant.**

**Nos. 77–5818, 77–5819 and 77–5820
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

July 17, 1978.

James Lynn Martin, Dallas, Tex., for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Shirley Baccus-Lobel, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge.

Harold D. Kindrick urges that reversal of his convictions is necessary due to an alleged disparity between his oral sentences and his written commitment orders. We

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

hold that the sentence discrepancies in this record warrant vacating and remanding to the district court for resentencing.

Kindrick was sentenced on November 17, 1977. He pled guilty to three separate offenses, all of which arose out of his employment with the Army and Air Force Exchange Services. In No. 77–5818, Kindrick was convicted on his plea of guilty to an information which charged that while serving as a contracting officer for the Army and Air Force Exchange he corruptly solicited and received money and other things of value in return for being influenced in the performance of his official acts in regard to the award of contracts between the Exchange and construction contractors, in violation of Title 18, United States Code, Section 201(c)(1). In No. 77–5819, Kindrick was convicted on his plea of guilty to a one-count indictment which charged that from April 30, 1971, through January 5, 1976, Kindrick, along with three named co-conspirators and others unknown to the grand jury, conspired to defraud the United States of the right to honest and impartial administration of its programs with respect to the receipt of bids on construction projects, in violation of Title 18, United States Code, Section 371. In No. 77–5820, Kindrick was convicted on his plea of guilty to an information which charged that he knowingly and willfully attempted to evade and defeat a significant portion of the income tax due for 1975 by knowingly and intentionally understating his taxable income, in violation of Title 26, United States Code, Section 7201.

Pursuant to Kindrick's motion, this Court ordered the consolidation of these three cases. The issues raised directly relate to the sentences imposed in No. 77–5818 and No. 77–5819; no issue is raised which directly relates to the five thousand dollar fine imposed on Kindrick's conviction in No. 77–5820, although the district court treated the three cases together, as we do on this appeal.

At the sentencing hearing, after the defendant had exercised his right of allocution, the district court declared:

Mr. Kindrick, I am going to sentence you to a longer sentence than you probably expect but of all the people that I have handled with this type of case and concerned with this same problem I believe you are the most culpable so I sentence you to seven years in the custody of the Attorney General with the provision that you become eligible under the provisions of 4105(b)(2) [sic]. That is on one and two to run concurrently and on Count 3 I sentence you to a five thousand dollar fine and you stand committed on that.

Thereafter, at the prosecutor's request, a bench conference, out of the hearing of the court reporter, was held for the purpose of clarifying the sentence, after which the district court declared:

The first case is five years. The second case is two years. The third case is a five thousand dollar fine.

In No. 77–5818, defendant faced a maximum sentence of fifteen years imprisonment and a twenty thousand dollar fine for violation of Title 18, United States Code, Section 201(c)(1). According to the written order of commitment, he was sentenced to seven years imprisonment pursuant to the immediate parole eligibility provisions of Title 18, United States Code, Section 4205(b)(2). In No. 77–5819, defendant faced a maximum sentence of five years imprisonment and a ten thousand dollar fine for violation of Title 18, United States Code, Section 371. According to the written commitment order, he was sentenced to five years imprisonment subject to the immediate parole eligibility provisions of Title 18, United States Code, Section 4205(b)(2), that sentence to run concurrently with the sentence imposed in No. 77–5818. In No. 77–5820, defendant faced a maximum sentence of five years imprisonment and a ten thousand dollar fine. According to the written commitment order, he was sentenced to a five thousand dollar fine.

This Court has long faithfully adhered to the rule that any variance between oral and

written versions of the same sentence will be resolved in favor of the oral sentence.[1] The government acknowledges the continued viability of this rule, but argues that it does not apply here. The government, in a fine-spun argument, contends that the conflict here is not between the oral and written sentences, but between the two oral sentences. From this premise the government would have us give effect to the written sentences, which the government argues indicate the district court's true intention.

We do not accept the government's premise nor its conclusion. The *district court* is master of a sentence; the *district court's* intention controls. We do not agree that the *government* may make a sentence mean just what the *government* chooses it to mean—neither more nor less.[2] If the *government* can do so, the sentence is an inadequate expression of the *district's court's* intent.

This is not a situation in which an inadvertent error at the sentencing hearing was merely corrected on the record of the hearing, disclosing the true intent of the district court. Here we cannot find a clear intention of the district court on the record; the two oral sentences and the written commitment order are confusing and irreconcilable.[3] Therefore, we must vacate these three sentences and remand to the district court for resentencing.

VACATED and REMANDED.[4]

1. See, e. g., *Ward v. United States,* 508 F.2d 664 (5th Cir. 1975); *United States v. Grene,* 455 F.2d 376 (5th Cir.), *cert. denied,* 409 U.S. 856, 93 S Ct. 136, 34 L.Ed.2d 101 (1972); *Cuozzo v. United States,* 340 F.2d 303 (5th Cir. 1965); *Henley v. Heritage,* 337 F.2d 847 (5th Cir. 1964); *Lott v. United States,* 309 F.2d 115 (5th Cir. 1962), *cert. denied,* 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 498 (1963); *Chapman v. United States,* 289 F.2d 539 (5th Cir.), *cert. denied,* 368 U.S. 860, 82 S.Ct. 103, 7 L.Ed.2d 57 (1961).

2. "I don't know what you mean by 'glory,'" Alice said. Humpty Dumpty smiled contemptuously. "Of course you don't—till I tell you. I mean 'there's a nice knock-down argument for you!'" "But 'glory' doesn't mean 'a nice knock-down argument,'" Alice objected. "When *I* use a word," Humpty Dumpty said in rather a scornful tone, "it means just what I choose it to mean—neither more nor less." "The question is," said Alice, "whether you *can* make words mean different things." "The question is," said Humpty Dumpty, "which is to be master—that's all."

Lewis Carroll, Through the Looking Glass, quoted in *United States v. Hand,* 516 F.2d 472, 477 n. 1 (5th Cir. 1975) (*en banc* dissent).

3. See, e. g., *United States v. White,* 440 F.2d 978 (5th Cir.), *cert. denied,* 404 U.S. 839, 92 S.Ct. 129, 30 L.Ed.2d 72 (1971); *Scott v. United States,* 434 F.2d 11 (5th Cir. 1970); *Montos v. Smith,* 406 F.2d 1243 (5th Cir. 1969); *Smallwood v. United States,* 386 F.2d 175 (5th Cir. 1967); *Williamson v. United States,* 374 F.2d 90 (5th Cir. 1967); *Wright v. Gibson,* 367 F.2d 390 (5th Cir. 1966); *Valdez v. United States,* 249 F.2d 539 (5th Cir. 1957); *Lovett v. United States,* 163 F.2d 993 (5th Cir. 1947); *Beland v. United States,* 128 F.2d 795 (5th Cir.), *cert. denied,* 317 U.S. 676, 63 S.Ct. 157, 87 L.Ed. 543 (1942); *Hode v. Sanford,* 101 F.2d 290 (5th Cir. 1939).

4. Kindrick also contends that because of his health, which is extremely poor, the district court's imposition of a seven-year sentence for a non-violent offense constitutes cruel and unusual punishment. Brief of Appellant at 5–8. Given our result, we need not reach that issue. We expressly decline to reach that issue, except to note that we would agree with the government's conclusion that the challenge has no merit. Brief of Appellee at 7–8. *See generally Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); *Trop v. Dulles,* 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958); *Rummel v. Estelle,* 568 F.2d 1193 (5th Cir.), *petition for rehearing en banc granted* (1978); *United States v. Gamboa,* 543 F.2d 545 (5th Cir. 1976); *United States v. Prince,* 533 F.2d 205 (5th Cir. 1976); *United States v. Thevis,* 526 F.2d 989 (5th Cir. 1976).