[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-13038

_____

D. C. Docket No. 03-80089-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL A. KOBLAN, JR.,
a.k.a. Big Mike,
a.k.a. Mike Kerry,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 15, 2007)**

Before TJOFLAT, HULL and BOWMAN,[*] Circuit Judges.

_____

[*]Honorable Pasco M. Bowman II, United States Circuit Judge for the Eighth Circuit,
sitting by designation.

PER CURIAM:

After review, the Court grants the motion filed by defendant Michael Koblan's counsel to dismiss this appeal as moot because the defendant died in the custody of the Bureau of Prisons while his appeal remained pending before this Court. The Court remands the case to the district court to vacate the judgment and dismiss the indictment. See United States v. Logal, 106 F.3d 1547, 1552 (11th Cir. 1997); United States v. Schumann, 861 F.2d 1234, 1236 (11th Cir. 1988); United States v. Romano, 755 F.2d 1401, 1402 (11th Cir. 1985).

We recognize that the government opposes the motion, stressing that all briefs have been filed, oral argument has been held, and nothing remains but the issuance of this Court's opinion. The government points out that the defendant was convicted of murder, the defendant's sentence contains an order of restitution in the amount of $274,336 to be paid to the murder victims' family, and that granting the motion, especially as to restitution, grants a windfall to the defendant.

The problem for the government is that our binding precedent cited above requires that we grant the relief requested by defendant's counsel. In United States v. Romano, this Court stated that "[w]hen a defendant dies pending direct appeal of his criminal conviction, the Court will dismiss the appeal as moot with respect to that defendant and remand the case to the district court to vacate the judgment and

dismiss the indictment." 755 F.2d at 1402. In United States v. Schumann, we also said that "[i]t is a well-settled principle of law that all criminal proceedings abate ab initio when the defendant dies pending direct appeal of his criminal conviction." 861 F.2d at 1236. In United States v. Logal, where there was a restitution order and the defendant committed suicide, this Court rejected the windfall argument, stating:

> Concerning the argument that the heirs of [defendant] Kuczek's estate may receive a windfall, nothing precludes the victims from bringing a separate civil action to prevent any improper benefit to Kuczek's estate. Accordingly, we grant Kuczek's motion requesting that we vacate his conviction and sentence, remand the case to the district court, and instruct the district court to dismiss the indictment.

106 F.3d at 1552.

We recognize that there is a circuit split on this issue. Compare Logal, 106 F.3d at 1552, with United States v. Christopher, 273 F.3d 294, 299 (3d Cir. 2001) (concluding that the "order of restitution in this case is more compensatory in nature than penal" and abatement should not apply to the order of restitution because absolving "the estate from refunding the fruits of the wrongdoing would grant an undeserved windfall"), and United States v. Dudley, 739 F.2d 175, 177 (4th Cir. 1984) (concluding that restitution order did not abate by reason of defendant's death because of restitution's compensatory purposes). However, our precedent is clear and binding on this panel. See United States v. Steele, 147 F.3d

3

1316, 1317-18 (11th Cir. 1998).

In conclusion, the Court dismisses this appeal and remands the case to the district court with instructions to vacate the judgment and dismiss the indictment against the defendant.

**APPEAL DISMISSED AND REMANDED.**