[No. A131539. First Dist., Div. Four. Aug. 29, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD JOHN SCHAEFER, Defendant and Appellant.

COUNSEL

Paul V. Carroll, under appointment by the Court of Appeal, for Cheryl Dunne, personal representative for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, and Seth K. Schalit, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

SEPULVEDA, J.[*]—A jury convicted defendant Edward John Schaefer in 2010 of second degree murder and other crimes in connection with a

---

[*]Retired Associate Justice of the Court of Appeal, First Appellate District, Division 4, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

motorcycle crash in Novato that killed a nine-year-old girl and injured her father, requiring the amputation of the father's right leg. Defendant died while his appeal (*People v. Schaefer* (Sept. 20, 2010, A129577)) was pending, and this court granted defense counsel's unopposed request to direct the trial court to "abate all proceedings with respect to defendant Schaefer which are currently pending in that court." The trial court thereafter concluded that defendant's death did not abate victim restitution ordered pursuant to Penal Code section 1202.4, subdivision (f).[1] We agree with defense counsel that this court's prior order of abatement precluded the trial court from considering the issue. We therefore reverse and remand to the trial court with instructions to vacate the restitution order.

I.

### FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted defendant of second degree murder (§ 187), gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)), and other crimes, and the trial court sentenced him to 24 years to life. The court also ordered defendant to pay victim restitution (§ 1202.4, subd. (f)) in the amount of $1,362,586.25, to cover the significant medical expenses incurred as a result of defendant's criminal behavior, as well as other expenses.

Defendant timely appealed from the judgment (*People v. Schaefer, supra,* A129577). Before the record or any briefs were filed, the First District Appellate Project (FDAP) notified this court that defendant had died (he was killed in prison by another inmate). FDAP filed a motion to abate all proceedings. Counsel requested that this court "issue an order permanently abating the appeal, vacating the judgment of conviction and remanding the matter to the trial court with directions to dismiss the information," but did not specifically mention the victim restitution order. Respondent did not oppose the motion. On September 20, 2010, this court issued an order, which provided in full: "In light of appellant Edward Schaefer's death on July 26, 2010, as verified by a copy of his death certificate, all proceedings in the above-referenced appeal are hereby permanently abated. [¶] No remittitur to the Superior Court will issue."

FDAP thereafter filed a request for modification of the abatement order, contending that this court's previous order abating all appellate proceedings might not adequately inform the trial court that defendant's death also required dismissal of the original charges. Counsel argued that a defendant's death pending appeal abated "[a]ll proceedings in the *case*, not just the

---

[1] All statutory references are to the Penal Code.

*appeal*" (original italics), and asked that this court order "that all proceedings in the case be abated and that the superior court issue an order to that effect," consistent with language in various California Supreme Court opinions (e.g., *In re Sheena K.* (2007) 40 Cal.4th 875, 893 [55 Cal.Rptr.3d 716, 153 P.3d 282]; *People v. Dail* (1943) 22 Cal.2d 642, 659 [140 P.2d 828]). Again, counsel did not specifically refer to the restitution order. Respondent did not object to the request, which this court granted on October 1, 2010, stating, in full: "Pursuant to the request of the First District Appellate Project, filed on September 23, 2010, this court hereby orders that all proceedings in this court are permanently abated. Further, the Marin County Superior Court is hereby ordered to abate all proceedings with respect to defendant Schaefer which are currently pending in that court." Respondent did not challenge this court's second abatement order.

Defendant's trial counsel thereafter filed in the trial court a "motion to abate all proceedings, vacate judgment and terminate restitution order." (Capitalization omitted.) The People conceded that defendant's death warranted vacating the judgment of conviction and any penal components of his sentence (including fines and fees) and dismissing the information, but opposed the request to vacate the victim restitution order.[2]

The trial court sided with the People, and concluded that this court's order of abatement did not apply to victim restitution. The court ordered the judgment of conviction abated, dismissed the first amended information, and abated fines and fees imposed at the time of judgment and sentencing. The court further ordered that the victim restitution order was not abated and remained in full force and effect. On March 11, 2011, the court entered a new order for restitution, which imposed the original $1,362,586.25 that was ordered pursuant to section 1202.4, subdivision (f).

Defendant's trial counsel filed a notice of appeal from the order denying the motion to abate the restitution order. By order dated April 22, 2011, this court granted FDAP's request for a discretionary appointment of counsel for defendant's mother, the executor of defendant's estate, for the sole purpose of this appeal.

---

[2] Section 1202.4 sets forth two forms of restitution: a restitution fine (*id.*, subd. (b)) and restitution to a victim who has incurred economic loss (*id.*, subd. (f)). (*People v. Willie* (2005) 133 Cal.App.4th 43, 47 [34 Cal.Rptr.3d 532].) A restitution fine is deemed a debt that the defendant owes to the state (§ 1202.43), whereas victim restitution is owed to a defendant's victims (§ 1214). Defendant here was ordered to pay both forms of restitution at sentencing. The People conceded below that the $5,000 fine imposed pursuant to section 1202.4, subdivision (b) was penal in nature and abated upon defendant's death. The parties focus solely on the victim restitution imposed pursuant to section 1202.4, subdivision (f), and any reference to victim restitution is to the order that defendant pay $1,362,586.25 pursuant to that subdivision.

## II.

### DISCUSSION

█ Defense counsel argues that (1) the trial court was required to abate all proceedings, including the victim restitution order, in accordance with this court's abatement order and (2) abatement of defendant's convictions necessarily abated the restitution order. Because we agree with the first argument, we need not reach the second argument.

█ It is well settled that when a defendant in a criminal action dies pending appeal from his conviction, the death permanently abates all further proceedings, including criminal fines ordered as part of the judgment. (*In re Sheena K., supra*, 40 Cal.4th at p. 893; *People v. de St. Maurice* (1913) 166 Cal. 201, 201–202 [135 P. 952]; *People v. Alexander* (1929) 101 Cal.App. 394, 394–395 [281 P. 697]; 6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Appeal, § 181, pp. 466–467.) In *de St. Maurice*, for example, the defendant was convicted of contributing to the delinquency of a minor, and the judgment of conviction ordered her to pay a $500 fine. (*de St. Maurice*, at p. 201.) The Third District Court of Appeal affirmed the judgment, and the Supreme Court granted review. (*Ibid.*) The defendant died pending review in the Supreme Court, and the court addressed the effect of a death on the judgment of a fine. (*Id.* at pp. 201–202.) The court concluded that "in the absence of a statute expressing the contrary, all proceedings in the matter incurably abate." (*Id.* at p. 202.)

As respondent acknowledges, neither the state constitutional provision establishing the right to victim restitution (Cal. Const., art. I, § 28) nor the statutory scheme governing victim restitution (Pen. Code, § 1202.4, subd. (b)) specifically addresses whether a defendant's death pending appeal abates a victim restitution order entered pursuant to section 1202.4, subdivision (f). So far as the parties and this court are aware, there is no published California case analyzing the issue.

The question of whether victim restitution ordered pursuant to various federal statutes abates upon a defendant's death pending appeal has been litigated in the federal courts, with the circuits divided on the result. (Cf. *U.S. v. Rich* (9th Cir. 2010) 603 F.3d 722, 728 [noting circuit split and concluding that abatement of conviction nullifies accompanying restitution order], *U.S. v. Koblan* (11th Cir. 2007) 478 F.3d 1324, 1325–1326 [defendant's death pending appeal abates all proceedings, including restitution order] and *U.S. v. Estate of Parsons* (5th Cir. 2004) 367 F.3d 409, 415 [same] with *U.S. v. Christopher* (3d Cir. 2001) 273 F.3d 294, 295, 297, 299 [defendant's death abates conviction, but not restitution order; personal representative of

deceased may prosecute appeal of restitution] and *U.S. v. Dudley* (4th Cir. 1984) 739 F.2d 175, 176–179 [death of defendant abates penal consequences of conviction, but does not abate restitution order because of order's compensatory, as opposed to penal, purpose].) In each of the foregoing cases, the issue was raised after the appellate court was notified of the defendant's death, and defense counsel filed a motion for abatement that was opposed by the government. (*Rich, supra,* at p. 724; *Koblan, supra,* at p. 1325; *Estate of Parsons, supra,* at pp. 412, 415; *Christopher, supra,* at p. 295; *Dudley, supra,* 739 F.2d at p. 176.)

Here, by contrast, the Attorney General did not oppose defense counsel's motion to abate filed in the previous appeal and did not oppose the subsequent request to modify the first abatement order to direct the trial court to abate all proceedings pending below. This court thereafter entered a broad order that abated "*all proceedings* with respect to defendant Schaefer which are currently pending in that court." (Italics added.) The order did not contemplate any further action on the part of the trial court or the parties, and it did not reserve any issue for further consideration by the trial court. It was thus unnecessary for defense counsel to file a motion in the trial court to abate all proceedings, as appellate counsel already had secured such an order. (E.g., *People v. Dail, supra,* 22 Cal.2d at p. 659 [directing superior court to enter order of abatement of all proceedings by reason of defendant's death]; *People v. Bandy* (1963) 216 Cal.App.2d 458, 466 [31 Cal.Rptr. 10] [same].) Consistent with this court's first abatement order, no remittitur ever issued to the trial court, which means that jurisdiction over the proceedings was never transferred back to the lower court. (*People v. Sonoqui* (1934) 1 Cal.2d 364, 365–366 [35 P.2d 123]; *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1500 [103 Cal.Rptr.3d 889].) The trial court thus was without jurisdiction to do anything other than abate all proceedings, as directed by this court.

▮ Respondent contends that because the victim restitution order was not a " 'proceeding' " subject to abatement, there was "no need for us to oppose abatement because abatement did not extend to the restitution order." As respondent acknowledges, however, a victim restitution order requires a conviction for a crime that caused the victim's loss (e.g., *People v. Woods* (2008) 161 Cal.App.4th 1045, 1052 [74 Cal.Rptr.3d 786]; *People v. Percelle* (2005) 126 Cal.App.4th 164, 180–181 [23 Cal.Rptr.3d 731]), and defendant's death pending appeal unquestionably abated defendant's underlying convictions. In the absence of a specific statute expressing the contrary (*People v. de St. Maurice, supra,* 166 Cal. at p. 202), we conclude that the restitution order was, therefore, abated.[3]

---

[3] We agree with the Attorney General, however, that there are strong policy arguments in favor of excepting a victim restitution order from an order of abatement. In this case, for example, the trial court noted that there was never any serious question that defendant was the

## III.

### DISPOSITION

The trial court's order denying defendant's motion to abate the restitution order is reversed, and the matter is remanded to the trial court with directions to vacate the restitution order.

Ruvolo, P. J., and Reardon, J., concurred.

---

person who drove the motorcycle that killed one victim and seriously injured another, and that defendant was responsible for the injuries and his victims' grave economic losses. Defense counsel acknowledged at the sentencing hearing that the victims suffered "great" monetary loss, and has not since suggested that there would have been a basis for reversing the restitution order had defendant lived and was able to pursue his appeal. The issue of whether a victim restitution order abates upon a defendant's death pending appeal is properly one for the Legislature to consider.