Filed 7/15/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>JEFFERY MOUNT,<br><br>    Defendant and Appellant. | A161195<br><br>(Napa County<br>Super. Ct. No. CR33937) |

Jeffery Mount died in 2012. In 2020, a Napa County public defender filed an application under Penal Code section 1170.18, subdivision (f) (section 1170.18(f)),[1] on Mount's behalf seeking to have a 1998 felony conviction of Mount's designated as a misdemeanor. The trial court dismissed the application after the prosecutor opposed the application, and the public defender filed an appeal. The Attorney General has filed a motion to dismiss, which we grant because we have concluded on the record before us there is no relief that can be granted to Mount. We hold that an application under section 1170.18(f) on behalf of a deceased defendant is moot where, as here, there is no showing that granting the petition would provide any effective relief.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

I.

BACKGROUND

Mount was convicted in 1998 of felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) after entering a plea and after also admitting to having served two prior prison terms (§ 667.5, subd. (b)).  This court affirmed the resulting judgment after conducting a review in accordance with the procedures described in *People v. Wende* (1979) 25 Cal.3d 436, and the remittitur issued in December 1998.  (*People v. Mount* (Sept. 30, 1998, A082889 [nonpub. opn.].)

Fourteen years later, in 2012, Mount died.  Eight years after that, a Napa County public defender filed an application in the trial court seeking to have Mount's felony conviction designated a misdemeanor under section 1170.18(f).  The court dismissed the application after a contested hearing, stating no argument had been presented that there was any substantial right at issue "that would have any effect to the living or dead."  A notice of appeal on behalf of Mount was then filed by the public defender. Mount is represented in this appeal by an attorney appointed on the recommendation of the First District Appellate Project.

II.

DISCUSSION

In 2014, California's felony sentencing laws were reformed with the passage of Proposition 47, the Safe Neighborhoods and Schools Act.  We may infer from information provided to voters "that the impetus behind Proposition 47 was primarily economic:  stop spending tax dollars on prisons for petty criminals and put the money to better use in schools and treatment programs."  (*People v. Montgomery* (2016) 247 Cal.App.4th 1385, 1390.)

2

The three principal reforms enacted by the proposition were to reclassify many theft and drug-possession offenses from felonies to misdemeanors, authorize defendants serving sentences for qualifying felony offenses to petition for resentencing, and allow defendants who completed sentences for qualifying felony offenses to apply to have those felonies redesignated as misdemeanors. (*People v. Buycks* (2018) 5 Cal.5th 857, 871.) Section 1170.18(f) is the statutory expression of this third reform. Under it, "[a] person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." If those criteria are met, the trial court "shall" designate the felony as a misdemeanor. (§ 1170.18, subd. (g).)

On appeal, the attorney representing Mount filed an opening brief arguing that the trial court erred in dismissing the section 1170.18(f) application. The brief maintains that Mount was eligible for relief notwithstanding his death because the law is clear and "there is no statutory requirement that someone seeking re-sentencing under Proposition 47 must be alive in order to receive this ameliorative benefit." The brief also argues that this case falls within an exception to mootness because it presents a novel question of public concern. Finally, and in the alternative, the brief argues that Mount's entire criminal case should be abated if we reject the other arguments.

Instead of filing a respondent's brief, the Attorney General filed a motion to dismiss, arguing that the appeal must be dismissed for lack of jurisdiction. Specifically, the Attorney General argues that Mount was not

entitled to relief under section 1170.18(f) because he, being dead, is no longer a "person" eligible for relief, and in any event the public defender lacked standing to pursue the application and appeal on Mount's behalf. The attorney representing Mount opposed the Attorney General's motion. We exercise our "inherent power to dismiss an appeal where . . . a mere inspection of the record discloses that no relief can be granted appellant." (*Toohey v. Toohey* (1950) 97 Cal.App.2d 84, 85 [appeal dismissed after filing of opening brief and motion to dismiss where case could be determined on record before it and opening brief set forth all of appellant's contentions].)

The initial questions posed by this appeal concern the ability of the public defender to bring the section 1170.18(f) application and to initiate this appeal, and the ability of the appellate attorney to pursue this appeal, as representatives of Mount, but not as counsel for Mount's estate, personal representative, or heirs. Some states that allow a direct appeal of a criminal conviction to proceed notwithstanding the defendant's death require the personal representative of the estate to consent to the continued appeal. (See, e.g., *State v. Carlin* (Alaska 2011) 249 P.3d 752, 765; *Surland v. State* (Md.Ct.App. 2006) 895 A2d 1034, 1042 [collecting cases].) Here, we have no indication that Mount's personal representative has given such consent. No California cases address the circumstances, if any, under which an attorney can, without authorization and in the name of the criminal defendant, continue to represent a defendant who has died. We need not reflect on these circumstances here, however, because—even assuming the public defender could, and the appointed attorney can, pursue the case in Mount's name without consent—the trial court properly dismissed the case as moot.

4

" 'It is settled that "the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*In re Sodersten* (2007) 146 Cal.App.4th 1163, 1217.)  A person may benefit from a section 1170.18(f) application for purposes of any future strikes or enhancements, which could further the economic purpose of Proposition 47 since the "redesignation could affect prison spending on people convicted of crimes in the future." (*People v. Montgomery*, *supra*, 247 Cal.App.4th at p. 1390.)  Here, of course, there is no possibility of any future criminal cases involving Mount.

On appeal, the attorney representing Mount reiterates that mootness should not preclude our review because the appeal presents a novel question of public concern.  True enough, " '[w]here questions of general public concern are involved, particularly in the area of the supervision of the administration of criminal justice, we may reject mootness as a bar to a decision on the merits.  [Citations.]' [Citations]  'Review of a moot issue is appropriate where it is "of great public import and transcend[s] the concerns of these particular parties." [Citation.]  Even when moot, a novel question of continuing public interest is often deserving of consideration by an appellate court.' " (*In re Sodersten*, *supra*, 146 Cal.App.4th at pp. 1217–1218.)

But the attorney representing Mount offers no evidence or argument that heirs or anyone else have a compelling interest, reputational or otherwise, in having defendants' convictions redesignated years after the defendants have died.  Instead of offering any such evidence or argument, the attorney merely argues that Mount "established prima facie eligibility for relief," and there "is no evidence in this record that [Mount] was disqualified

. . . from receiving [the] statutory benefit [of section 1170.18(f)]." (Italics omitted.) If our record shows any relevant interest, it is the judicial interest in limiting the availability of the relief to defendants who demonstrate that they may benefit from it. As the trial court put it, the court "has limited time and resources, and actually the entire judiciary is here to decide actual cases in controversy." We conclude that this case was and is moot because no effectual relief can be granted to Mount, and there has been no showing of a wider public interest in redesignating felony convictions of deceased defendants.[2]

The attorney representing Mount argues in the alternative that we should abate Mount's entire criminal case, which would mean that Mount's 1998 "criminal conviction should be dismissed on remand." We disagree. In making the argument, the attorney representing Mount misunderstands the rule of "abatement *ab initio*." It is true that California courts apply this rule when a defendant dies while his or her *direct appeal* is pending. (See *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1123, fn. 3 ["[D]efendant's death will abate his appeal"]. Under the rule, "an appellant's death abates all further criminal proceedings. [Citation.] . . . The rationale of [the rule is that] . . . '[[w]]hen an appeal has been taken from a criminal conviction to the court of appeals and death has deprived the accused of his right to our decision, the interests of justice ordinarily require that [the defendant] not stand convicted without resolution of the merits of [his or her] appeal, which is "an integral part of [our] system for finally adjudicating . . . guilt or innocence." ' " (*Dixon v. Superior Court* (1987) 195 Cal.App.3d 758, 762.) These interests of justice

---

[2] In light of this conclusion, we need not resolve whether a deceased defendant is categorically precluded from filing an application under section 1770.18 or can ever be considered a "person" under the statute.

6

include that the "presumption of innocence . . . follows the accused until final judgment is entered." (*People v. Alexander* (1929) 101 Cal.App. 394, 394–395.) Thus, when a criminal appellant dies during the pendency of his or her direct appeal, rather than dismissing the appeal, the appellate court issues an order of abatement. (*People v. Schaefer* (2012) 208 Cal.App.4th 1283, 1287.) The effect of such an order is to dissolve the underlying conviction, since "all proceedings in the . . . cause, and especially under the judgment therein rendered, have permanently abated." (*People v. de St. Maurice* (1913) 166 Cal. 201, 202.)

But the rule of abatement *ab initio* has no application here because Mount did not die during his direct appeal from his conviction, and the conviction became final in 1998. A judgment becomes final when "the appeal from the underlying judgment has been finally concluded and a remittitur issued or the time within which to appeal has passed." (*Archdale v. American Internat. Specialty Lines Ins. Co.* (2007) 154 Cal.App.4th 449, 479.) Because the rule of abatement applies in direct appeals from criminal convictions, it typically does not apply in collateral proceedings. (See, e.g., *Surland v. State*, *supra*, 895 A.2d at p. 1035 ["The law throughout the country seems clear, and by now mostly undisputed, that, if the defendant's conviction has already been affirmed on direct appeal and the death occurs while the case is pending further discretionary review by a higher court, such as on *certiorari,* the proper course is to dismiss the discretionary appellate proceeding and leave the existing judgment, as affirmed, intact."].)

In opposing the motion to dismiss, the attorney representing Mount argues that this appellate proceeding "is a direct appeal as authorized by statute after the denied resentencing hearing, not a collateral matter such a writ of habeas corpus." But although this appeal is a direct appeal of the

trial court's denial of the section 1170.18(f) application filed by the public defender, it is *not* a direct appeal from Mount's judgment of conviction. As we have said, Mount's direct appeal from his conviction was resolved, and the remittitur was entered, more than 21 years ago.

### III.
### DISPOSITION

The appeal is dismissed in the interests of justice. (*Toohey v. Toohey*, *supra*, 97 Cal.App.2d at p. 85.)

_____

Humes, P.J.

WE CONCUR:

_____

Margulies, J.

_____

Sanchez, J.

*People v. Mount*  A161195

9

Trial Court:

Superior Court of the County of Napa

Trial Judge:

Hon. Scott R. L. Young

Counsel for Defendant and Appellant:

Stanley Dale Radtke, under appointment by the Court of Appeal

Counsel for Plaintiff and Respondent:

Matthew Rodriquez, Acting Attorney General

Lance E. Winters, Chief Assistant Attorney General

Jeffrey M. Laurence, Senior Assistant Attorney General

Seth K. Schalit, Supervising Deputy Attorney General

*People v. Mount*  A161195