[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11806

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

*versus*

JAMESETTA WHIPPLE-DUNCAN,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:21-cr-00040-LGW-CLR-1

_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Jamesetta Whipple-Duncan appeals her 60-month, within-Guidelines sentence for money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). The government argues that the appeal waiver provision of Whipple-Duncan's plea agreement bars her three challenges on direct appeal. We agree with the government. Accordingly, we dismiss Whipple-Duncan's appeal.

## I.

Jamesetta Whipple-Duncan was indicted on several charges. Under a plea agreement, she ultimately pleaded guilty to one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Whipple-Duncan's Federal Rule of Civil Procedure 11(c)(1)(C) plea agreement states that she "entirely waives her right to a direct appeal of her conviction and sentence on any ground (including any argument that the statute to which [she] is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute)." Dist. Ct. Doc. 79 at 9. It further states that "[t]he only exceptions are that . . . [Whipple-Duncan] may file a direct appeal of her sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing[,] or (3) the Government appeals the sentence." *Id.* at 9–10. She received a 60-month, within-Guidelines sentence and was ordered to pay restitution. She now brings three challenges on

appeal: a challenge to the calculation of her Guidelines range at sentencing, a challenge to the restitution order, and ineffective assistance of counsel claims. The government seeks to enforce the appeal waiver.

## II.

We review the validity of an appeal waiver *de novo*. *See United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). An appeal waiver will be enforced if it was made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *See id.* The government cannot show that an appeal waiver was knowing and voluntary from an examination of the agreement's text alone. *See id.* at 1352. There is a strong presumption that statements made during the Rule 11 colloquy are true. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Moreover, an appeal waiver is enforceable even when the district court does not completely discuss the exceptions to the waiver. *See United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020). The "touchstone" for determining a waiver's enforceability "is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances." *Id.* (cleaned up).

A careful review of the record, including the waiver and Rule 11 colloquy, reveals that the appeal waiver is enforceable. During the Rule 11 colloquy, the court conveyed to Whipple-Duncan that she was waiving her right to appeal her sentence in most circumstances when it explicitly recited the only three instances in which she might appeal her sentence and then questioned her to ensure she understood that, absent those exceptions, she was waiving all other direct appeal rights. Further, the record makes manifestly clear that she understood the full significance of the waiver, having signed the plea agreement containing the waiver and affirmed that she understood to the district court during the plea colloquy. The appeal waiver was made knowingly and voluntarily and is enforceable.

### III.

Because the waiver is enforceable and because the government seeks to enforce it, Whipple-Duncan's arguments are barred if they fall within the ambit of the appeal waiver's text. After examining the text of the appeal waiver and the law related to the arguments she seeks to raise, we conclude that Whipple-Duncan's issues all fall within the ambit of her broad appeal waiver and that none of them falls within an exception. The government did not appeal the sentence, so that exception cannot apply to any of Whipple-Duncan's issues. Therefore, we need only further examine the general applicability of the waiver and the other two exceptions.

*A.*

First, Whipple-Duncan argues that the district court plainly erred and imposed both a procedurally and substantively unreasonable sentence. She argues that the district court erred at sentencing when it (1) first adopted the presentence investigation report's Guidelines range, which applied a two-level reduction for acceptance of responsibility; (2) then orally referred to a three-level reduction for acceptance of responsibility; but (3) sentenced her based on the higher advisory Guidelines range that only reflected the two-level reduction for acceptance of responsibility. However, attacking the sentence in this way is barred by her appeal waiver's general prohibition and does not meet an exception to the appeal waiver.

The exceeds-the-statutory-maximum exception does not apply because Whipple-Duncan's 60-month sentence clearly does not exceed the statutory maximum sentence of 240 months. *See* 18 U.S.C. § 1956(a)(1).

Additionally, Whipple-Duncan's sentence does not exceed the advisory Guidelines range found by the district court. The upper limit of her advisory Guidelines range was 63 months, which she agreed to in her plea agreement. The district court's oral misstep in stating that there was a three-level reduction for acceptance of responsibility does not change the fact that the actual Guidelines range calculated by the district court was based upon a two-level reduction.

When determining the terms of a sentence, the sentencing judge's intent controls; and that intent is to be determined by reference to the entire record. *See United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983) (citing *Scott v. United States*, 434 F.2d 11, 20 (5th Cir. 1970); *United States v. Kindrick*, 576 F.2d 675, 677 (5th Cir. 1978)). An examination of the entire record leads to the inescapable conclusion that the sentencing judge intended that the two-level reduction would apply.

The presentence investigation report's Guidelines range was 51 to 63 months and was based on a two-level reduction for acceptance of responsibility for a total offense level of 24. Whipple-Duncan never objected to those findings. And the district court stated at the outset of the sentencing hearing that it was adopting the presentence investigation report as its findings. The district court also specifically found that Whipple-Duncan's total offense level was 24 and found that the Guidelines range was 51 to 63 months. The district court then mistakenly stated that Whipple-Duncan was entitled to a three-level reduction for acceptance of responsibility but then proceeded to again recognize that the correct Guidelines range was 51 to 63 months, which was based on the two-level reduction. Then the court sentenced her to 60 months and noted that this was within the Guidelines range. In short, the district court orally corrected itself by calculating the Guidelines range with the two-level enhancement; and the record makes clear that the reference to a three-level reduction for acceptance of responsibility was merely an oral misstep.

Thus, the district court found at sentencing that a Guidelines range of 51 to 63 months applies; and Whipple-Duncan's 60-month sentence does not exceed the 63-month upper limit of her advisory Guidelines range. Consequently, the district court did not "enter[] a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing." Dist. Ct. Doc. 79 at 10. Therefore, Whipple-Duncan's sentence does not fall within this exception to the appeal waiver either. As a result, Whipple-Duncan's first issue is barred by her appeal waiver.

*B.*

Second, Whipple-Duncan argues that the court's award of restitution lacked legal and factual justification. Generally, restitution is considered a part of the defendant's sentence, meaning a restitution order at sentencing falls within the general sentence appeal waiver in a plea agreement. *See Johnson*, 541 F.3d at 1067–68. Based on the text of her plea agreement and our case law, Whipple-Duncan argues that the restitution order here is not actually part of her sentence. This argument fails.

Whipple-Duncan's plea agreement provides for restitution by stating that "[t]he amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct" and that "[r]estitution is not limited to the specific counts to which Defendant is pleading guilty." Dist. Ct. Doc. 79 at 7. And critically to her argument that the restitution order is not part of the "sentence," Whipple-Duncan's plea agreement also states that "[a]ny restitution judgment is intended to and

will survive Defendant, notwithstanding the abatement of any underlying criminal conviction." *Id.* This provision, Whipple-Duncan argues, is out of step with our case law, which provides that when a defendant dies on appeal, his sentence—including a restitution order—disappears. The argument goes that because this restitution order claims to survive Whipple-Duncan, it must be something else that is not part of the sentence.

Whipple-Duncan's argument properly understands our case law but draws the wrong conclusion. It is true that when the defendant dies on direct appeal, our case law provides that the conviction and sentence are void ab initio—which means we treat it as if the defendant had never been indicted and convicted. *See United States v. Logal*, 106 F.3d 1547, 1551–52 (11th Cir. 1997); *United States v. Koblan*, 478 F.3d 1324, 1325–26 (11th Cir. 2007). The sentence, which includes any restitution order, disappears. *See Logal*, 106 F.3d at 1551–52; *Koblan*, 478 F.3d at 1325–26.

Whipple-Duncan's argument is that the fact that her plea agreement's restitution provision states that it would survive her death means that it must not be part of the sentence—which would of course not survive her death under our case law. The logical conclusion of Whipple-Duncan's argument would be that the restitution order in this case could stand alone, even if the conviction and sentence were treated as void ab initio in the event of her death. Whipple-Duncan's argument would mean that the "survive" provision was effectively a type of poison pill in the plea agreement's text that would allow a restitution order to exist

separately from a sentence such that Whipple-Duncan can avoid her sentence appeal waiver.

But Whipple-Duncan concedes that we have held that "based on statutory law, 'before the court can impose a restitution order, a defendant must first be convicted of a crime.'" Aplt. Br. at 55 (quoting *Logal*, 106 F.3d at 1552). It cannot stand alone. Moreover, the plea agreement is just another branch that stemmed from that original indictment, so the whole plea agreement would be gone under our void ab initio case law. Thus, the "survive" provision of the plea agreement would also disappear under that doctrine along with the rest of the plea agreement and restitution order.

Instead of concluding that the "survive" provision is a poison pill, the correct conclusion from our case law is that the "survive" provision is just an unenforceable provision of the plea agreement because that whole restitution order would disappear by operation of law upon Whipple-Duncan's death under our void ab initio doctrine. That "survive" provision is simply unenforceable, and we remain firmly within our precedent that restitution is part of the sentence and can be waived by a sentence appeal waiver. Therefore, Whipple-Duncan cannot avoid the general application of the appeal waiver to the restitution issue.

We must still determine if it meets an exception to the appeal waiver. A court may order restitution to the extent agreed to by the parties in a plea agreement. *See* 18 U.S.C. § 3663; *id.* § 3663A(a)(1). This includes payment of "restitution to persons

other than the victim of the offense." *Id.* § 3663(a)(1)(A); *see also id.* § 3663A(a)(3). The plea agreement here provided that "[t]he amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct." Dist. Ct. Doc. 79 at 7. And it also provided that "[r]estitution is not limited to the specific counts to which Defendant is pleading guilty." *Id.* This was an agreement expanding restitution beyond victims of the offense of conviction. Thus, contrary to Whipple-Duncan's argument, restitution to people other than victims of the offense does not exceed a statutory maximum. Additionally, when ordering restitution, courts are not bound by any prescribed statutory maximum. *See Dohrmann v. United States*, 442 F.3d 1279, 1281 (11th Cir. 2006). Thus, Whipple-Duncan cannot successfully bring the restitution challenge into the exception to her appeal waiver about a sentence exceeding the statutory maximum. Moreover, the advisory Sentencing Guidelines range discussed by the other remaining exception does not speak to restitution; so that exception to her appeal waiver cannot be met here. Therefore, Whipple-Duncan's appeal of the restitution issue is barred by the appeal waiver in her plea agreement.

## C.

Third, Whipple-Duncan argues that her trial counsel provided constitutionally ineffective assistance by failing to object to the district court's computation of the Guidelines range and by failing to object to the details of the restitution order. She asserts that no conceivable strategic justification existed for not objecting.

However, the plain language of Whipple-Duncan's appeal waiver applies here; and an ineffective assistance of counsel challenge does not meet an exception to her appeal waiver. Instead of arguing that it meets an exception to the appeal waiver, Whipple-Duncan argues that we should not enforce the appeal waiver because of an alleged conflict of interest in having counsel negotiate a plea agreement that contains an appeal waiver that covers ineffective assistance of counsel claims.

Our case law draws a line on this issue and places Whipple-Duncan's claims firmly on the waived side. If an ineffective assistance of counsel claim challenges the validity of the plea or waiver, it could survive the appeal waiver. *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284–85 (11th Cir. 2015); *Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005). But if an ineffective assistance of counsel claim challenges counsel's conduct at sentencing, it does not survive a sentence appeal waiver. *See Williams*, 396 F.3d at 1342. Here, Whipple-Duncan challenges conduct at sentencing—namely, her counsel's failure to object to her Guidelines range or the details of the restitution order. Therefore, Whipple-Duncan waived her ineffective assistance of counsel challenges on direct appeal.

Even if this appeal were not waived, we would not address this issue here. Although a claim of ineffective assistance of counsel may be raised on direct appeal, "[w]e will not generally consider [a] claim[] of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a

factual record." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quoting *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002)). We only consider an ineffective assistance of counsel claim "on direct appeal 'if the record is sufficiently developed.'" *Id.* (quoting *Bender*, 290 F.3d at 1284). Even when the record contains some indication of deficient performance, claims of ineffective assistance are generally more properly pursued through a collateral attack to a conviction and sentence. *See id.* That is the case here. Therefore, even if this issue were not waived, it would be more properly pursued through a habeas petition under 28 U.S.C. § 2255—which Whipple-Duncan's plea agreement expressly permits through an exception to her separate collateral attack waiver.

## IV.

Through the appeal waiver in Whipple-Duncan's plea agreement, she has waived her ability to bring the challenges she seeks to bring on direct appeal. Accordingly, we **DISMISS** Whipple-Duncan's appeal.