**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Thomas PURCELL,**
**Defendant-Appellant.**

No. 82–3113
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 22, 1983.

Allen R. Smith, Winter Haven, Fla., for defendant-appellant.

Curtis Fallgatter, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

In March, 1979 defendant-appellant Charles Thomas Purcell was tried and convicted on a three count indictment. Count I charged Purcell with conspiracy to import marijuana, in violation of 21 U.S.C. § 963. Count II charged defendant with conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 843(b).

Prior to trial, the government filed an information, pursuant to the enhanced sentence provision in 21 U.S.C. § 851, advising of a 1971 drug-related conviction. Defendant filed an objection to the information but withdrew the objection prior to sentencing. At the defendant's May 17, 1979 sentencing hearing, defense counsel indicated to the court his awareness that the government sought enhancement of sentencing based upon the prior conviction. The court proceeded to sentence the defendant on Count I to imprisonment for a term of ten years, and informed the defendant "that this penalty has been enhanced by the prior conviction." The court also sentenced Purcell to a ten year prison term on Count II, but did not specify at the sentencing hearing that the penalty was enhanced by the prior conviction. The written judgment and commitment order, however, recited defendant's convictions for the two conspiracies and stated immediately following: "See 21 U.S.C. § 851(d)(1) and the enhancement information in 78–173–Cr–J–C."

After Purcell's convictions were affirmed on direct appeal in United States v. Pool, 660 F.2d 547 (5th Cir.1981), he filed a motion for correction and reduction of sentence under Fed.R.Crim.P. 35. Defendant alleged that the May 17, 1979 sentencing did not comply with the procedural requirements of 21 U.S.C. § 851(b), nor specify that the sentence entered on Count II had been enhanced by a prior conviction. The district court held a resentencing hearing on September 22, 1982 and again imposed a ten-year sentence for Counts I and II, this time carefully following the requirements of 21 U.S.C. § 851(b).

Appellant contends on appeal that the district court erred in resentencing him on Count II to a ten-year sentence under the enhancement provisions of 21 U.S.C. § 851. He claims that the trial court's initial sentence on Count II was illegal because the court failed to specify that the sentence was

being enhanced by a prior conviction. According to defendant, the failure to specify that the original sentence was enhanced means that the original sentence could only be for the five year maximum, unenhanced statutory term. Purcell argues that the district court's imposition of a ten-year term in response to his motion for correction and reduction of sentence amounts to an illegal sentence in violation of the double jeopardy clause and the rule that a sentence in excess of the period of time prescribed by law is void only for the excess.[1]

■ After a careful review of the record, we find that the trial judge's original intent was to sentence Purcell to an enhanced prison term of ten years for Count II, not an unenhanced excessive term under the normal sentencing statute. In determining the terms of a sentence, it is the intent of the sentencing judge which controls, and that intent is to be determined by reference to the entire record. *Scott v. United States,* 434 F.2d 11, 20 (5th Cir. 1970); *United States v. Kindrick,* 576 F.2d 675, 677 (5th Cir.1978). Appellant contends that the court's May 17, 1979 oral pronouncement of sentence on Count II was clear and unambiguous and shows that the ten-year sentence was not based on the enhancement statute. He maintains that if there is a conflict between the oral pronouncement and the written judgment, the terms of the oral pronouncement control. We find, however, that the original oral pronouncement is ambiguous as to the basis for the ten-year term given in Count II. When there is an ambiguity in the oral sentencing, as opposed to a conflict between the oral pronouncement and the written judgment, it is proper to look to the written

judgment to ascertain the court's intention. *Scott v. United States,* 434 F.2d at 20.

■ As noted, the written judgment and commitment order stated Purcell's convictions on Counts I and II and cited to the enhancement provision of 21 U.S.C. § 851 and the enhancement information filed by the government. Both the written and oral pronouncement of sentence imposed ten-year sentences as to each of Counts I and II. The maximum unenhanced penalty for Counts I or II is five years imprisonment and a fine of $15,000 or both, for each count. As a second offender, Purcell was subject to a maximum prison term of ten years and a fine of not more than $30,000. The transcript of the May, 1979 sentencing hearing establishes that Purcell was aware that the government sought enhancement of his sentence based upon the prior conviction.[2] A fair reading of the written judgment and the record of the sentencing hearing reveals that the basis for the court's ten-year sentences on Count I and Count II was the enhancement sentencing provisions. We therefore hold that the district court originally intended that the sentence entered on Count II be enhanced to ten years because of the defendant's prior conviction.

■ Given the original intent of the court to impose a ten-year enhanced sentence, the court's resentencing of Purcell to ensure compliance with the procedures of section 851(b) did not constitute the imposition of an increased sentence in violation of defendant's constitutional rights.[3] Resentencing is disallowed only when it could possibly serve as an opportunity to punish the defendant's exercise of his right to ap-

1. Purcell does not challenge the enhancement procedure followed by the district court during the September, 1982 resentencing. Instead, appellant argues that, irrespective of whether the resentencing procedure was proper under 21 U.S.C. § 851, the court could not lawfully impose the ten-year enhanced sentence.

2. Neither the enhancement information, nor any comments by the prosecutor at the sentencing hearing, suggests that the government only sought an enhanced penalty on Count I and not on Count II.

3. The government contends that the original sentencing hearing complied with the procedures outlined in 21 U.S.C. § 851(b), thus the resentencing to which defendant takes umbrage was unnecessary. Because we find that the trial court's resentencing of defendant to the same term imposed in the original sentence was lawful, we need not decide if the first sentencing fully complied with the procedural requirements in section 851(b).

peal. *United States v. Hodges,* 628 F.2d 350, 353 (5th Cir.1980). When the sentencing court discovers that a sentence imposed by it did not conform to the applicable penalty statute, it has the duty to correct the sentence even though serving of the first sentence has begun. *United States v. Allen,* 588 F.2d 183, 185 (5th Cir.1979); *Llerena v. United States,* 508 F.2d 78, 81 (5th Cir.1975).[4]

 In an abundance of caution, the district court resentenced Purcell to the same enhanced ten-year term because it was concerned about a possible defect in the court's original sentencing procedure. Any illegality in the first sentencing was a result of the court's alleged failure to follow the procedure in 21 U.S.C. § 851, not because the defendant was ineligible for the enhanced ten-year term. The Supreme Court has rejected the "doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence." *Bozza v. United States,* 330 U.S. 160, 166, 67 S.Ct. 645, 648, 91 L.Ed. 818 (1947), *quoting In re Bonner,* 151 U.S. 242, 261, 14 S.Ct. 323, 327, 38 L.Ed. 149 (1894). "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Bozza,* 330 U.S. at 166–67, 67 S.Ct. at 648–49. Purcell's corrected sentence, as well as the initial sentence, was a valid punishment for a second offender convicted of conspiring to possess marijuana with intent to distribute. Where the procedural requirements of section 851(b) have not been met, the proper remedy is to resentence the defendant to an enhanced penalty in accordance with the statutory requirements, not reduce the enhancement portion of the sentence. *United States v. Cevallos,* 538 F.2d 1122, 1228 (5th Cir.1976); *United States v. Garcia,* 526 F.2d 958, 961 (5th Cir.1976). *Accord United*

*States v. Garrett,* 565 F.2d 1065, 1071 (9th Cir.1977), *cert. denied,* 435 U.S. 974, 98 S.Ct. 1620, 56 L.Ed.2d 67 (1978).

We therefore hold that the district court did not err in resentencing Purcell to the same enhanced ten-year term. Accordingly, we

AFFIRM.

---

4. We note that this is not a case where the trial judge sought to increase an earlier sentence to conform to the judge's original unannounced intention. *See e.g., Chandler v. United States,* 468 F.2d 834 (5th Cir.1972); *United States v. Sacco,* 367 F.2d 368 (2d Cir.1966). In the instant case, the resentencing corrected alleged irregularities in the first proceeding but did not result in any upward modification of defendant's sentence. Purcell's second sentence was no greater than his original sentence; it was exactly the same.