[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12925
Non-Argument Calendar

_____

D. C. Docket No. 04-00112-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICKEY L. SKYLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 2, 2007)**

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

This is Mickey L. Skyles's second appeal before us in this matter. He was originally convicted of one count of felony DUI and one count of felony leaving the scene of an accident resulting in injuries, with both offenses occurring within the territorial jurisdiction of the United States, in violation of the Assimilative Crimes Act ("ACA"), 18 U.S.C. §§ 7 and 13. In the first appeal, we concluded that the district court plainly erred in delegating to the probation officer the authority to require him to attend drug and mental health treatment programs. United States v. Skyles, 165 Fed. Appx. 807 (11th Cir. 2006). We accordingly vacated and remanded the supervised release portion of his 84-month sentence.

In this appeal, Skyles again challenges the supervised release portion of his sentence. He argues that the court's written amended judgment on remand (which required him to participate in mental health and drug and alcohol treatment programs) conflicted with its oral pronouncement at resentencing (which required him to participate in a mental health treatment program but was silent as to his required participation in a drug and alcohol treatment program). Skyles asks this Court to vacate and remand his sentence again for the limited purpose of removing from the written amended judgment the condition of drug and alcohol treatment.

For purposes of this appeal, we will assume arguendo that it is appropriate to review de novo the legality of Skyles's sentence, recognizing that he did not have

2

the opportunity to object at resentencing since the drug and alcohol treatment requirement was included for the first time in the written amended judgment. United States v. Cook, 291 F.3d 1297, 1299 n.2 (11th Cir. 2002) (noting that we review de novo the legality of a defendant's sentence); United States v. Bull, 214 F.3d 1275, 1278 (11th Cir. 2000) (concluding that defendant had not waived an issue on appeal when he "had no opportunity to object at sentencing because the court included the requirement for the first time in its final written judgment.").

"When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs." United States v. Bates, 213 F.3d 1336, 1340 (11th Cir. 2000). By contrast, "[w]hen there is an ambiguity in the oral sentencing, as opposed to a conflict between the oral pronouncement and the written judgment, it is proper to look to the written judgment to ascertain the court's intentions." United States v. Purcell, 715 F.2d 561, 563 (11th Cir. 1983). Ultimately, "[i]n determining the terms of a sentence, it is the intent of the sentencing judge which controls and that intent is to be determined by reference to the entire record." Id.

Upon review of the record, and upon consideration of the briefs of the parties, we discern no reversible error. At sentencing, the judge expressed an intent to correct "the delegation of the treatment programs to the discretion of the

3

probation office." The judge was then interrupted by defense counsel with a request for a reduced sentence. After denying the request, the judge imposed the mental health treatment requirement, but neglected to resolve the issue of the drug and alcohol treatment. This meant that the oral pronouncement was ambiguous as to whether the drug and alcohol treatment would form part of the sentence.

The written judgment merely clarified the ambiguity by requiring the drug and alcohol treatment. See United States v. Bull, 214 F.3d 1275, 1279 (11th Cir. 2000) (where written judgment imposed costs of mental health treatment for first time, it only clarified an ambiguity in an oral pronouncement that failed to include that requirement). As the written judgment did not conflict with the oral pronouncement, but only clarified an ambiguity, the drug and alcohol treatment properly became part of the sentence. Purcell, 715 F.2d at 563.

Accordingly, the district court did not err in resentencing Skyles, and his amended sentence is due to be affirmed.

**AFFIRMED.**

4