[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11424
Non-Argument Calendar
_____

D.C. Docket No. 6:98-cr-00272-GKS-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUINCY CORNELIUS MORMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 19, 2016)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Quincy Morman appeals the denial of his motion to amend the judgment. Fed. R. Crim. P. 36.  Morman argues that the written judgment, which states that he has a sentence of 360 months of imprisonment, should be amended to reflect that the district court orally imposed a sentence of 120 months of imprisonment. Because the written judgment is consistent with the information that the district court provided to Morman, we affirm.

We review *de novo* the denial of a motion to amend the judgment under Rule 36. *See United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Rule 36 provides that a court "may at any time correct a clerical error in a judgment . . . arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 may not be used to make a substantive alteration to a sentence. *Portillo*, 363 F.3d at 1164.

The district court did not err by denying Morman's motion to amend the written judgment. During the change of plea hearing and at sentencing, the district court told Morman that he faced a sentence within one of two guideline ranges for conspiring to commit and committing the substantive offenses of bank robbery and carjacking, *see* 18 U.S.C. §§ 371, 924(c)(1), 2113(a), 2113(d), "plus" consecutive mandatory terms of five years and 20 years for his two offenses of using and carrying a firearm during and in relation to his crimes of violence, *see id.* § 924(c)(1) (amended Nov. 13, 1998, after Morman's offense). Consistent with those remarks, the written judgment adopted the sentencing range provided in the

2

presentence investigation report and stated that the district court had imposed a sentence of "sixty months, with a consecutive term of sixty months as to [the first firearm offense] and a consecutive term of two hundred forty months as to [the second firearm offense], for a total term of three hundred sixty months." *See United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990); *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983). To the extent that the district court might have created an ambiguity at sentencing by stating that it had imposed "a sentence of 60 months plus the consecutive sentence of five years," that statement is contrary to section 924(c)(1) and does not control, *United States v. Joseph*, 743 F.3d 1350, 1353 (11th Cir. 2014). Morman argues that the district court violated his right to due process and committed fundamental error by failing to pronounce his sentence with greater clarity, but those arguments can be raised in a motion to vacate or correct a sentence, 28 U.S.C. § 2255, not a motion to amend a judgment.

We **AFFIRM** the denial of Morman's motion to amend the judgment.

3