[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11093

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTY DALE SHELL,
a.k.a. Christy Schell,
a.k.a. Karen Miller,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 4:17-cr-10019-KMM-1

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Christy Dale Shell, a federal prisoner proceeding *pro se*, appeals the district court's decision to amend the judgment in her criminal case *sua sponte* to correct a scrivener's error. The government, in turn, moves for summary affirmance and to stay the briefing schedule.

## I.

In 2017, a federal grand jury charged Shell with one count of conspiring to possess with intent to distribute fentanyl and other controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 ("Count 1"). Shell, through counsel, later agreed to plead guilty to Count 1 pursuant to a written plea agreement that specified she was pleading guilty to a violation of 21 U.S.C. § 846 and that the district court later accepted following a hearing. Her presentence investigation report ("PSI") noted, among other things, that she faced a statutory term of imprisonment and term of supervised release based on the penalties found in 21 U.S.C. § 841(b)(1)(C), but it otherwise referred to 21 U.S.C. § 846 as her statute of conviction.

The district court eventually sentenced her to 235 months' imprisonment, followed by three years' supervised release. In

sentencing her, the district court specified that it was sentencing her for Count 1, but it entered a written judgment that stated she had been found guilty of an offense under 21 U.S.C. § 841(b)(1)(C).

The district court entered a judgment to this effect in 2018. Shell appealed, but she later dismissed that appeal voluntarily.

In 2019, Shell, proceeding *pro se*, moved to vacate her conviction pursuant to 28 U.S.C. § 2255. She argued, among other things, that she had been charged with and agreed to plead guilty to an offense under 21 U.S.C. § 846, but her PSI indicated that she would be sentenced under 21 U.S.C. § 841(b)(1)(C), and her judgment differed from her indictment, making them both unconstitutional. The district court denied her § 2255 motion but found that the omission in the 2018 judgment constituted a scrivener's error that it would correct.

The district court *sua sponte* amended the judgment in Shell's criminal case to correct the scrivener's error pursuant to Fed. R. Crim. P. 36. The amended judgment, entered in March 2022, stated that she had been convicted under § 846. Shell appealed the amended judgment.

Noting Shell's initial direct appeal, we have since dismissed the present appeal in part, to the extent that she intended to "challenge the merits of her [1998] conviction and sentence," but we allowed her to proceed to the extent she intended to "challenge the district court's correction of the written judgment pursuant to [Rule 36]."

## II.

On appeal, Shell, who is still *pro se*, argues that both her PSI and the original written judgment incorrectly stated the basis for her conviction, and she contends, for the first time on appeal, that this led to her losing the benefits of the First Step Act.[1] She contends that the district court abused its discretion by using Fed. R. Crim. P. 36 to amend the original judgment, as the error was not a clerical error. She also asserts that her PSI still contains the wrong statute.[2]

Rather than responding, the government moves for summary affirmance and to stay the briefing schedule. It stated that the original 2018 judgment correctly stated the basis for her sentence, even though it identified the incorrect statute of conviction, and it corrected that error by amending the judgment. It also asserts that the district court properly found there were no scrivener's errors in the PSI, meaning there was no action it could take, and the challenge to her PSI should be brought in her § 2255 appeal.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) ("First Step Act").

[2] Shell otherwise presents arguments relating to the voluntary dismissal of her direct criminal appeal, her 2018 conviction, and her resulting sentence. As we dismissed Shell's appeal in all respects except as to her challenge to the correction to her original written judgment, we decline to consider those arguments.

there can be no substantial question as to the outcome of the case
. . . ." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th
Cir. 1969). A motion for summary affirmance or summary reversal
shall postpone the due date for the filing of any remaining brief un-
til we rule on such motion. 11th Cir. R. 31-1(c).

Normally, we review *de novo* the correction of a written
judgment under Fed. R. Crim. P. 36. *United States v. Portillo*,
363 F.3d 1161, 1164 (11th Cir. 2004). When a litigant does not raise
an argument before the district court in a criminal proceeding, we
review for plain error. *United States v. Ramirez-Flores*, 743 F.3d
816, 821 (11th Cir. 2014). To prevail under the plain-error standard,
an appellant must show that: (1) an error occurred; (2) the error
was plain; (3) it affected her substantial rights; and (4) it seriously
affected the fairness of the judicial proceedings. *Id.* at 822.

Rule 36 permits a district court to correct, at any time, a cler-
ical error in a judgment, order, or other part of the record, or cor-
rect an error in the record arising from oversight or omission. Fed.
R. Crim. P. 36. Rule 36 may not be used to make a substantive al-
teration to a criminal sentence. *Portillo*, 363 F.3d at 1164. How-
ever, a district court may correct clerical errors in the written judg-
ment any time under Rule 36 to ensure that the judgment mirrors
an oral sentence. *Id.* An error is not clerical if correction makes the
sentence more onerous. *See id.* at 1165 (holding that a Rule 36 cor-
rection was proper in part because it did not make the sentence
more onerous). In determining the terms of a sentence, it is the
intent of the sentencing judge which controls, and that intent is to

be determined by reference to the record. *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983).

Section 846 of Title 21 of the United States Code penalizes any person who conspires to possess with intent to distribute a controlled substance with the same penalties as those prescribed for the completed possession offense. 21 U.S.C. § 846. A person found guilty of an offense involving a schedule I or II controlled substance shall be sentenced to a term of imprisonment of not more than 20 years and to at least 3 years of supervised release. 21 U.S.C. § 841(b)(1)(C). Fentanyl is a Schedule II drug. 21 U.S.C. § 812(c) Schedule II (b)(6).

Here, the district court did not err, plainly or otherwise, when it amended Shell's judgment and corrected a scrivener's error. All the district court did was correct the statute of conviction from the completed offense statute to the conspiracy statute. The sentence did not otherwise change, and the district court did not make the sentence more onerous. *Portillo*, 363 F.3d at 1165. Further, the sentence for an offense under § 846 is the same as the completed offense in § 841(b)(1)(C). *Compare* 21 U.S.C. § 846, *with* 21 U.S.C. § 841(b)(1)(C). Thus, the district court did not err when it amended her judgment.

Further, because our order dismissing Shell's appeal, in part, only allowed claims concerning the correction of *the written judgment*, we need not address her contentions concerning the need to correct her PSI. In any event, those arguments fail for the reasons set forth by the district court.

Accordingly, we GRANT government's motion for summary affirmance and DENY its motion to stay the briefing schedule as moot.