[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10505

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ISAAC GROSSMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cr-60300-AHS-1

_____

## ON PETITION FOR REHEARING

Before JORDAN, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

The Defendant's motion for panel rehearing is granted, and the panel withdraws the previous opinion, dated April 11, 2023, and substitutes the following opinion in its place. In this opinion, we remove a phrase from one sentence on the top of page 9 to conform with the record, and we do not change the opinion in any other respect.

Isaac Grossman appeals his total sentence of 87 months' imprisonment for mail fraud, wire fraud, and money laundering. According to the presentence investigation report ("PSI"), Grossman's convictions stemmed from a scheme in which he solicited potential investors to invest in a company he owned called Dragon-Click Corp. Grossman told them that he was a successful entrepreneur, investor, and hedge fund manager and that Dragon-Click was developing an app that would revolutionize online shopping. He explained that their money would be used for product development, patent applications, or facilitation of a sale to a larger tech company and that he would double, triple, or quadruple their investment by selling Dragon-Click for over $1 billion. In reality, however, Grossman did not use their money for any legitimate business purposes, and instead, spent at least $1,300,000 on gambling, diamond jewelry, luxury cars, his home mortgage, and his children's private education. About 26 total victims, most

of whom were elderly retirees, invested a total of $2,400,000 in Dragon-Click. After Grossman pled guilty, the district court imposed an 87-month sentence, at the low end of the advisory guideline range.

On appeal, Grossman argues that the district court erred in imposing a sentencing enhancement for vulnerable victims, denying a downward variance by giving significant weight to improper or irrelevant factors, failing to afford due consideration to his personal circumstances in favor of the nature of the offense and the victim impact, and including a special condition of supervision that was not imposed at sentencing. After thorough review, we affirm.

I.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotations omitted). "The application of the vulnerable-victim [enhancement] is a mixed question of law and fact that [we] review[] *de novo*." *United States v. Mathews*, 874 F.3d 698, 706 n.4 (11th Cir. 2017).

"The doctrine of invited error is implicated when a party induces or invites the district court into making an error. Where invited error exists, it precludes a court from invoking the plain error rule and reversing." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (quotations and citation omitted); *United States v. Carpenter*, 803 F.3d 1224, 1236–37 (11th Cir. 2015). Simply "failing

to object does not trigger the doctrine of invited error." *United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012).

Rather, when a party fails to make specific objections at sentencing after the district court gives him an opportunity to do so, challenges to the sentence on appeal will be reviewed only for plain error. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014); *see also United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015) (reviewing for plain error a defendant's claim, not raised in district court, that the court impermissibly considered his sex when sentencing him). To establish plain error, a defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

"An error is 'plain' if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred." *Ramirez-Flores*, 743 F.3d at 822. To satisfy the third condition, the defendant ordinarily must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018). If we would have to speculate as to whether the result would have been different, the defendant has not met the burden to show that substantial rights have been affected. *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005).

II.

22-10505                Opinion of the Court                5

First, we are unpersuaded by Grossman's claim that his 87-month sentence was unreasonable.  In reviewing sentences for reasonableness, we perform two steps.  *Pugh*, 515 F.3d at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).[1]  The district court is not required to expressly say that it has considered each of the 18 U.S.C. § 3553(a) factors, so long as the record reflects the court's consideration of the § 3553(a) factors.  *United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020).  So, an acknowledgment by the district court that it considered the § 3553(a) factors is sufficient.  *Turner*, 474 F.3d at 1281.  Further, a failure to discuss mitigating evidence does not indicate

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

that the court "erroneously 'ignored' or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). "[T]he adequacy of a district court's findings and sentence explanation is a classic procedural issue, not a substantive one." *United States v. Irey*, 612 F.3d 1160, 1194 (11th Cir. 2010) (*en banc*).

If we conclude that the district court did not procedurally err, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances." *Pugh*, 515 F.3d at 1190 (quotations omitted). A court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. *Irey*, 612 F.3d at 1189. Also, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

However, we have "underscored" that we must give "due deference" to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (quotations omitted). The district court need not give all the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Further, "[s]entencing courts may consider both uncharged and acquitted conduct in determining the appropriate sentence." *United States v. Maitre*, 898 F.3d 1151, 1160 n.6 (11th Cir. 2018) (quotations

omitted); *see also United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (stating that "a sentencing court may impose an upward variance based upon uncharged conduct").

We will vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotations omitted). "[A] district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably." *Id.* at 1189. We will not substitute our own judgment for that of the sentencing court and will sometimes affirm the district court even if we would have done something differently because the question is whether the district court's decision was "in the ballpark of permissible outcomes." *Butler*, 39 F.4th at 1355 (quotations omitted). Sentencing judges may rely on their experience and are given wide latitude in sentencing decisions because of their experience in handling criminal cases. *United States v. Shaw*, 560 F.3d 1230, 1238–40 (11th Cir. 2009) (upholding an upward variance where the defendant argued that his sentenced was influenced by an erroneous premise or prediction).

We do not apply a presumption of reasonableness to sentences within the guideline range, but we ordinarily expect these sentences to be reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). A sentence imposed well below the statutory maximum penalty is also an indicator of reasonableness. *Id.* The

party challenging the sentence bears the burden of establishing that it is unreasonable based on the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, Grossman has not shown that his sentence was procedurally or substantively unreasonable. For starters, Grossman claims on appeal that the district court erred at sentencing by applying a four-level enhancement for vulnerable victims, but Grossman invited this alleged error in the district court. As the record reflects, the plea agreement provided that Grossman "should receive a four-level increase for committing offenses which the Defendant knew involved a large number of vulnerable victims." When Grossman pled guilty at the plea colloquy, he expressly confirmed that he had "read and underst[oo]d" the plea agreement and "treat[ed] it like a contract." Thereafter, the vulnerable victim enhancement was detailed in Grossman's PSI, which provided that "[t]he government and defendant agreed that . . . they will jointly recommend . . . that the defendant should receive a four-level increase for committing offenses which the defendant knew involved a large number of vulnerable victims." Then, at sentencing, the district court went through the PSI and described the sentencing enhancements, breaking down the four-level increase at issue in this way: "[a] victim-related adjustment[,] increase[] two levels [and] a large number of vulnerable victims, increase two levels."[2]

---

[2] The Guidelines break down the enhancement in the same way. *See* U.S.S.G. § 3A1.1(b) (increasing a defendant's offense level by two levels if he knew or

Not surprisingly, Grossman never lodged any objection to these enhancements at the plea colloquy or at sentencing.

On this record, Grossman invited any error concerning the adjustment. *See Love*, 449 F.3d at 1157; *Carpenter*, 803 F.3d at 1236–37. Further, Grossman cites no support for the argument he now makes in his reply brief, that the invited error rule should not apply because he did not fully comprehend that there was ambiguity in the plea agreement -- a plea agreement that expressly provided for a four-level vulnerable victim enhancement. As we see it, Grossman invited any error concerning the vulnerable victim adjustment so we do not reach the merits of the issue. *Id.*

As for Grossman's claim that the district court abused its discretion in denying a downward variance by giving significant weight to improper or irrelevant factors, we disagree. As the record reveals, Grossman did not object to his sentence at trial, so we review whether the district court relied on any allegedly improper factors for plain error, and we can find none. *See Cavallo*, 790 F.3d at 1237.[3] To begin with, under our precedent, the district court was authorized to consider Grossman's conduct related to 17

should have known that a victim of his offense was vulnerable and by two more levels if "the offense involved a large number of vulnerable victims").

[3] Notably, the Supreme Court has expressly declined to address whether specific substantive reasonableness challenges must be raised below to be preserved. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). Therefore, we are bound by our precedent, as applied in *Cavallo*, that we review these kinds of unpreserved arguments for plain error. 790 F.3d at 1237.

counts of conviction that the government had dismissed.  *See Maitre*, 898 F.3d at 1160 n.6.; *Butler*, 39 F.4th at 1355.  And while the parties agree that the court misstated how the dismissed counts affected the guideline range, nothing in the record suggests that the court believed that Grossman's guideline range was unduly low.  On the contrary, the court imposed a sentence at the *bottom* of the guideline range, not above it.  Further, while the court praised Grossman's counsel for obtaining an acceptance-of-responsibility reduction, it never indicated that the reduction was unwarranted.

In any event, it is utterly unclear from the record whether the dismissed counts and the acceptance-of-responsibility adjustment affected the imposed sentence, if at all.  This means that we are left to speculate as to whether Grossman's sentence would have been different had the court not mentioned these factors.  For this reason, Grossman has not met his burden to show that his substantial rights were affected, and the district court did not plainly err.  *See Rosales-Mireles*, 138 S. Ct. at 1904; *Rodriguez*, 406 F.3d at 1275.

We are also unpersuaded by Grossman's claim that the district court erred in weighing the context and nature of the offense and the victim impact more heavily than Grossman's personal circumstances.  As our case law makes clear, it was well within the court's discretion to attach great weight to one factor over another.  *See Rosales-Bruno*, 789 F.3d at 1254.  Further, the court expressly said that it had considered the § 3553(a) factors and the parties' statements, and Grossman's counsel extensively covered his personal circumstances.  *See Taylor*, 997 F.3d at 1354–55.  Plus, it's

worth noting that the 87-month sentence imposed by the court was within, and at the bottom of, the advisory guideline range of 87 to 108 months and was 33 months below the lowest statutory maximum, both favoring the sentence's reasonableness. *See Stanley*, 739 F.3d at 656; *Rosales-Bruno*, 789 F.3d at 1256-57.

Moreover, we cannot say that the district court erred by commenting on the victims' status or suffering; we've said that district courts are permitted to rely on their experience at sentencing. *See Shaw*, 560 F.3d at 1238. And as for his claim that the court improperly compared Grossman's sentence to an acquaintance's bank robbery sentence, the record instead suggests that the court mentioned this case simply to show that Grossman would still have an opportunity to work and be successful after he served his sentence. Accordingly, Grossman has not shown that his sentence was unreasonable, and we affirm as to this issue.

### III.

We also are unpersuaded by Grossman's claim that a special condition of supervised release in the written judgment did not conform with the judgment orally pronounced during the sentencing hearing. It is well-established that "[w]hen a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs." *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000). However, "[w]hen there is an ambiguity in the oral sentencing, as opposed to a conflict between the oral pronouncement and the written judgment, it is proper to look to the written judgment to ascertain the court's

intentions." *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983). The remedy for a conflict between an orally pronounced sentence and the written judgment is a limited remand with instructions to amend the judgment to conform to the oral pronouncement. *United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000).

Here, Grossman does not specify which language from the written judgment he wants the district court to strike, but simply says that the judgment "contains" a condition that was not imposed during the sentencing and that "[t]he condition requiring Grossman to obtain permission before seeking or incurring new debt" should be stricken. But there is no support for this claim. Indeed, at sentencing, the court expressly imposed this condition when it said that Grossman must comply with a list of special conditions, including "no new debt restrictions." And to the extent Grossman is arguing with the language that he must "first obtain[] written permission" before seeking or incurring new debt, if anything, this is less restrictive than the court's words at sentencing because it adds the possibility of obtaining new debt with permission. Thus, because Grossman has failed to demonstrate any actual conflict between the oral sentencing and the written judgment that would warrant relief, we affirm as to this issue as well.

AFFIRMED.