[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10533

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

THOMAS JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00114-WFJ-JSS-1

_____

Before WILSON, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

After being sentenced to 36 months' imprisonment and 12 months' supervised release for aiding or assisting in the preparation of false tax returns, Thomas Johnson appeals, arguing that the district court erred at sentencing by failing to orally pronounce the standard conditions of supervised release later included in the written judgment. The government moves to dismiss the appeal based on the appeal waiver in Johnson's plea agreement. After careful consideration, we grant the motion to dismiss.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2021, a grand jury indicted Johnson for 14 counts of aiding or assisting in the preparation of individual tax returns that contained false and fictitious information, 26 U.S.C. § 7206(2).

Through a written plea agreement, Johnson later agreed to plead guilty to Count Six, and in exchange, the government agreed to dismiss the thirteen remaining counts, not bring any additional charges related to the conduct in the agreement, and recommend a guideline sentence and up to a three-level downward adjustment for acceptance of responsibility. In a section of the agreement titled "Defendant's Waiver of Right to Appeal the Sentence," Johnson agreed to waive his right to appeal his sentence "on any ground, including the ground that the court erred in determining the guideline range," except that he reserved the right to appeal on: "(a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the [c]ourt pursuant to the United

States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution." The waiver also explained that Johnson would be released from his waiver if the government appealed.

Johnson and the government stipulated to facts in support of the guilty plea, including that from 2014 to 2016, Johnson owned a tax preparing business and added false losses to the tax returns of his customers that resulted in substantial refunds to the taxpayers. The agreement also explained that Johnson would be subject to supervised release upon his release from imprisonment and that, if he violated the conditions of that release, he could be subject to further imprisonment. The agreement did not specify the conditions of supervised release, however. Johnson signed the agreement and initialed every page of the agreement.

At the change-of-plea hearing, Johnson was placed under oath, and the magistrate judge confirmed that he understood that any false statements he made could lead him to be prosecuted for perjury. Johnson confirmed that he had reviewed his plea agreement with his attorney and understood the agreement. Johnson confirmed that he initialed and signed the plea agreement. The magistrate judge covered the terms of the plea agreement and then specifically addressed the appeal waiver. It asked if Johnson understood that he was waiving his right to appeal "on all grounds," including the ground that the court erred in calculating the applicable guideline range, except on "four very limited grounds." It stated

that Johnson could appeal his sentence only if: (i) his sentence exceeded the guideline range as determined by the district court; (ii) his sentence exceeded the statutory maximum; (iii) his sentence violated the Eighth Amendment; or (iv) the government appealed. Johnson confirmed that he understood that he was waiving his right to appeal except in those limited circumstances and that he had discussed the appeal waiver with his attorney. He also stated that he had no questions about the plea agreement and that he wished to proceed with his guilty plea.

The magistrate judge found that Johnson freely, voluntarily, and intelligently pleaded guilty and that there was a sufficient factual basis to support the plea. It recommended that the district court accept Johnson's plea. Johnson did not object to that recommendation, and the district court accepted the plea.

A probation officer prepared a presentence investigation report ("PSI") which calculated Johnson to have a guideline range of 36 months' imprisonment to be followed by one year of supervised release. The PSI recommended a special condition of supervised release for "financial conditions" but did not reference any standard conditions.

At sentencing, the district court sentenced Johnson to 36 months of imprisonment and one year of supervised release. The court said that while on supervised release Johnson must "comply with the mandatory and standard conditions in the Middle District" of Florida. The court also imposed special conditions of supervised release prohibiting Johnson from opening new credit charges,

opening additional lines of credit, or obliging himself from any major purposes without approval by his probation officer. The court also ordered restitution in the amount of $1,688,931.90 and dismissed the remaining counts. It then asked if either party had any objections and neither did.

The court subsequently entered a written judgment, which included thirteen standard conditions of supervised release. Johnson appealed, arguing that the district court erred by informing him of the standard conditions for the first time in the written judgment as opposed to orally pronouncing the conditions during sentencing.

## II. STANDARD OF REVIEW

We review the validity and scope of an appeal-waiver *de novo*. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022).

## III. DISCUSSION

Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id*. at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see also United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (noting that the "touchstone for assessing" if a sentence appeal waiver was made knowingly and voluntarily "is whether 'it was clearly conveyed to the defendant that he was

giving up his right to appeal under most circumstances'" (alterations adopted) (quoting *Bushert*, 997 F.2d at 1352-53)). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

Here, Johnson made a knowing and voluntary waiver of his right to appeal. *Bushert*, 997 F.2d at 1351. At the change-of-plea hearing, the magistrate judge confirmed that Johnson had reviewed the plea agreement with his attorney and understood its terms. The magistrate judge specifically questioned Johnson about the terms of the appeal waiver. *Id.* The magistrate judge stated that Johnson was giving up his right to appeal on nearly all grounds, except he could appeal if his sentence exceeded the statutory maximum, his sentence exceeded the applicable guideline range, his sentence violated the Eighth Amendment, or the government appealed. Johnson confirmed that he understood that he was waiving his right to appeal except in those limited circumstances. In sum, the magistrate judge conveyed to Johnson that he was waiving his right to appeal in most circumstances and, accordingly, Johnson's appeal waiver was knowing and voluntary. *Boyd*, 975 F.3d at 1192.

In addition, Johnson's appeal falls into the scope of his waiver. A district court must orally pronounce any discretionary

conditions of supervised release at sentencing. *United States v. Rodriguez*, 75 F.4th 1231, 1246-49 (11th Cir. 2023). Failure to do so does not satisfy due process, even if there exists a standing order recommending those conditions of supervised release in the district, if the district court fails to reference that order or otherwise indicate that it was adopting conditions of supervised release beyond those mandated by statute. *Id.* at 1249. District courts can satisfy due process by referencing a written list of supervised release conditions because, by doing so, a defendant who is unfamiliar with those conditions will be able to inquire about and challenge them. *Id.* at 1248-49. "For instance," a district court may permissibly "orally adopt the conditions of supervised release recommended in the defendant's PS[I] or in a standing administrative order." *Id.* at 1246, 1249.

We recently clarified that when a defendant has notice that the district court is going to impose certain standard conditions—even if it does not specify which conditions—and the defendant fails to object, we review that challenge only for plain error. *See United States v. Hayden*, ___F.4th___, 2024 WL 4377360, at *4-5 (11th Cir. 2024) (No. 19-14780). If the court's later written judgment does not conflict with the oral pronouncement of the conditions, the written judgment governs. *Id.* (citing *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983)).

Here, the district court noted that Johnson would be subjected to some conditions of supervised release. His challenge on appeal is to the district court's failure to explain, in detail, the

conditions that were later listed in the court's written judgment. We need not determine whether Johnson's appeal would fail under *Hayden*, however, because this is the sort of challenge which we have held can fall within a broad sentence appeal waiver. *United States v. Read*, ___F.4th___, 2024 WL 4376586, at \*3-4 (11th Cir. 2024) (No. 23-10271). Here, as in *Read*, Johnson appeals his sentence and his appeal waiver bars his appeal.

Finally, none of the exceptions in the appeal waiver apply to allow Johnson's appeal. Johnson's 36-month sentence was within the guidelines range and did not exceed the statutory maximum. Johnson also has not raised an Eighth Amendment challenge to his sentence. Finally, the government has not appealed.

## IV. CONCLUSION

In sum, Johnson knowingly and voluntarily waived his right to appeal his sentence and his challenge on appeal falls within the scope of that waiver. We, thus, **GRANT** the government's motion to dismiss. *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351.

**DISMISSED.**