[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11441

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NACOE RAY BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00133-PGB-LHP-1

_____

_____

No. 23-11449

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NACOE RAY BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00132-PGB-LHP-1

_____

Before JORDAN, ROSENBAUM and GRANT, Circuit Judges.

PER CURIAM:

Nacoe Brown appeals his sentence of 96 months' incarceration and 3 years' supervised release after pleading guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), and his consecutive

sentence of 24 months' incarceration imposed upon revocation of supervised release under 18 U.S.C. § 3583(e).  He argues that the district court erred by failing to orally pronounce the standard conditions of supervised release that it subsequently imposed in its written judgment as to the bank robbery conviction.

"[O]rdinarily, the [district] court cannot add to the defendant's sentence in a written judgment entered after the sentencing hearing." *United States v. Rodriguez*, 75 F. 4th 1231, 1246 (11th Cir. 2023).  "When the oral pronouncement of a sentence varies from the written judgment, the oral pronouncement governs." *United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000).  Appellate review follows a two-step inquiry.  *See id.*  First, we determine whether the oral and written conditions of supervised release "unambiguously conflict[]." *See United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000).  Second, if so, we must direct a limited remand with instructions for the district court to "enter an amended judgment that conforms to its oral pronouncement." *Chavez*, 204 F.3d at 1316.  But when there is merely ambiguity, "as opposed to a conflict between the oral pronouncement and the written judgment," the written judgment governs. *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983) (citation omitted).  We evaluate the district court's intent "by reference to the entire record." *Id.*

Title 18 of the U.S. Code imposes several mandatory conditions of supervised release and provides that the court may order further conditions. *See* 18 U.S.C. § 3583(d).  The Sentencing Guidelines also allow the court to impose other discretionary conditions

and provide 13 standard, generally recommended, conditions and several special conditions. *See* U.S.S.G. § 5D1.3(b)-(d).

We held in *Rodriguez* that a district court in the Southern District of Florida violated the defendant's right to due process by failing to orally pronounce discretionary conditions of supervised release at sentencing which it included in its later written judgment. *See Rodriguez,* 75 F.4th at 1246-49. Discretionary conditions include any condition other than the mandatory conditions listed in § 3583(d). *See id.* at 1246; *see also* U.S.S.G. § 5D1.3(b)-(d). We specifically held that, to satisfy due process, "a district court must pronounce at the defendant's sentencing hearing any discretionary conditions of supervised release—that is, any condition of supervised release other than those mandatory conditions set forth in 18 U.S.C. § 3583(d)." *Rodriguez*, 75 F.4th at 1246. We then noted that a district court need not individually pronounce each condition to satisfy due process, and that it could instead satisfy due process by referencing a written list of supervised release conditions, which would, at a minimum, allow a defendant unfamiliar with those conditions to ask about and challenge them. *See id.* at 1248-49. For example, a district court may permissibly "orally adopt the conditions of supervised release recommended in the defendant's [presentence investigation report] or in a standing administrative order." *Id.* at 1246. But at a minimum it must "reference the administrative order or otherwise indicate that [it is] adopting conditions of supervised release beyond those mandated by statute." *Id.* at 1249.

Mr. Brown was sentenced in the Middle District of Florida. In pronouncing the terms of Mr. Brown's supervised release, the district court stated:

> While on supervised release, you will comply with the mandatory and standard conditions adopted by the Court in the Middle District of Florida.

D.E. 76 at 41. The court then pronounced several special conditions of supervised release including mental health treatment, required searches, prohibition on certain financial transactions, and cooperation in DNA collections. *See id.* at 41-42. Nothing further was said about Mr. Brown's supervised release conditions. The court elicited objections as to its sentence, and Mr. Brown objected on procedural and substantive reasonableness grounds. *See id.* at 42.

After sentencing, the district court entered its written judgments as to the bank robbery and revocation of supervised release. The bank robbery judgment set forth the mandatory conditions of supervised release, 13 standard discretionary conditions of supervised release, and four other conditions consistent with those orally pronounced at sentencing. Mr. Brown appealed both judgments, and his appeals were consolidated.

Mr. Brown contends that the district court erred under *Rodriguez* by imposing the 13 standard discretionary conditions of supervised release without having orally pronounced them at the

6                    Opinion of the Court                    23-11441

sentencing hearing.  But we recently rejected the same argument in a case from the Middle District of Florida.

In *United States v. Hayden*, _____ F. 4th ___, 2024 WL 4377360 (11th Cir. Oct. 3, 2024), the defendant argued that the district court had erred by not orally pronouncing each of the standard discretionary conditions of supervised release that it was going to impose (and ultimately did impose in the written judgment).  We held that the defendant's claim was subject to plain error review because the district court stated that the defendant was subject to the standard conditions of supervised release, asked for objections, and the defendant did not object.  *See id.* at * 5.  We then concluded that there was no plain error because the district court had "orally referenced the discretionary standard conditions of supervised release for the Middle District of Florida," which were "listed in the publicly available judgment form" and "track[ed] the standard conditions of supervised release in the relevant sentencing guideline."  *Id.*

Mr. Brown's *Rodriguez* claim is controlled by and foreclosed by *Hayden*. We therefore affirm Mr. Brown's sentence.

**AFFIRMED.**