**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-10614

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MIGUEL ALEJANDRO DIAZ GONZALEZ,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00157-CEM-RMN-1

————————————

Before ROSENBAUM, ABUDU, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Miguel Alejandro Diaz Gonzalez appeals the district court's imposition of a discretionary special condition of supervised release related to the use of financial credit. In the district

court's written judgment, as part of a supervised-release term to be served following Gonzalez's sentence of 600 months' imprisonment for sexual exploitation of a child and aiding and abetting the transportation of child pornography, it prohibited Gonzalez "from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the probation officer." On appeal, Gonzalez argues that this special condition in the district court's written judgment is inconsistent with the financial-credit special condition orally pronounced at sentencing. Having reviewed the record and read the parties' briefs, we vacate the sentence and remand with instructions to the district court that it enter an amended judgment that conforms to its oral pronouncement at sentencing.

## I.

Generally, when a defendant fails to object below that the district court violated his due process rights by failing to pronounce the conditions of his supervised release, we will review his argument for plain error. *United States v. Rodriguez*, 75 F.4th 1231, 1246 n.5 (11th Cir. 2023). But when a defendant had no opportunity to object at sentencing because the conditions were included for the first time in the written judgment, we review the issue *de novo*. *Id.*

## II.

Gonzalez argues that the district court erred in imposing a discretionary special condition of supervised release in the written judgment that it did not orally pronounce at sentencing. The government responds that the written judgment conflicts with the

district court's oral pronouncement of Gonzalez's sentence and agrees that this court should remand with instructions to the district court that it remove from its written judgment the special condition related to credit.

In *Rodriguez*, we concluded that "due process principles generally require a court to pronounce at the sentencing hearing discretionary, but not mandatory, conditions of supervised release." *Id.* at 1247.  Discretionary conditions include any condition other than the mandatory conditions listed in 18 U.S.C. § 3583(d).  *Id.* at 1246.  A district court is not required to list each discretionary condition individually if it expressly incorporates a written list detailing those conditions at sentencing.  *Id.* at 1249.

"When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs." *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000).  If so, we must direct a limited remand with instructions for the district court to "enter an amended judgment that conforms to its oral pronouncement."  *United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000).  But when there is merely ambiguity, "as opposed to a conflict between the oral pronouncement and the written judgment," the written judgment governs.  *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983) (citation omitted).  We evaluate the district court's intent "by reference to the entire record."  *Id.*

**III.**

The record here demonstrates that the district court erred in imposing a special condition related to the use of financial credit in its written judgment that was inconsistent with the oral pronouncement of the sentence. Thus, we direct a limited remand with instructions that the district court enter an amended judgment that conforms to its oral pronouncement at sentencing.

**VACATED AND REMANDED**.